The decision below is hereby signed. Dated: September 12, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| GREATER SOUTHEAST COMMUNITY ) | Case No. 02-02250 |
| HOSPITAL CORP., I, *et al.*, ) | (Chapter 11) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| _____ ) | |
| ) | |
| SAM J. ALBERTS, TRUSTEE FOR ) | |
| THE DCHC LIQUIDATING TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. |
| v. ) | 05-10040 |
| ) | |
| NUCOAT, INC., ) | |
| ) | |
| Defendant. ) | |

DECISION REGARDING MOTION FOR DEFAULT JUDGMENT

Sam J. Alberts, trustee for the DCHC Liquidating Trust and the plaintiff in this adversary proceeding, requests default judgment in the amount of $5,876.42 plus pre- and post-judgment interest. Having carefully reviewed Alberts's motion as well as his response to this court's Order to Supplement Motion for Default Judgment (D.E. No. 19, entered August 15, 2006), the court concludes that default judgment in the full amount

requested by Alberts is appropriate at this time.

I.

Alberts initiated this adversary proceeding on June 16, 2005, by filing a three-count complaint to recover certain pre-petition amounts totaling $8,626.42 that allegedly were transferred to the defendant NuCoat, Inc. ("NuCoat") in violation of 11 U.S.C. §§ 547, 548, and 550 (D.E. No. 1).  NuCoat never filed an answer or responsive motion to Alberts's complaint.  Instead, NuCoat apparently entered into a "Settlement Agreement and Mutual Release" with Alberts whereby NuCoat pledged to pay Alberts $5,500.00 in exchange for the release and waiver of all of Alberts's "claims, causes of action, rights and remedies" held against NuCoat (Mot. Ex. B ¶¶ 1-2).  This release was "subject and conditioned on receipt" of the money promised by NuCoat, making the parties' settlement agreement an executory contract.  The parties also consented to this court's jurisdiction over the interpretation and enforcement of the parties' settlement agreement.

To date, NuCoat has paid only half ($2,750.00) of the amount promised in the settlement agreement between the parties.  Alberts demanded payment of the remaining $2,750.00 by June 29, 2006 (Mot. at Ex. C).  NuCoat did not respond to this letter, so on July 6, 2006, Alberts requested an entry of default from the clerk of the court (D.E. No. 15).  Following the entry of

default, Alberts moved for default judgment on the amount pled in his complaint less the $2,750.00 paid by NuCoat (D.E. No. 17, filed July 10, 2006).

The court ordered Alberts to supplement his motion to address the court's concerns regarding both the principal and interest sought by Alberts in light of the settlement agreement entered into by Alberts and NuCoat.  Alberts duly supplemented his motion on September 8, 2006 (D.E. No. 22).

II.

"'When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the [trial] judge is required to exercise sound judicial discretion in determining whether the judgment should be entered.'"  Savage v. Scales, 310 F. Supp. 2d 122, 127 (D.D.C. 2004) (quoting 10A Wright, Miller & Kane, Fed. Prac. and Proc. § 2685 (3d ed. 1998)).  "Judicial policy strongly favors deciding cases on their merits rather than by default judgments; therefore, default judgments are usually reserved for totally unresponsive parties." Id. (emphasis added).  "This line of reasoning rhymes with the Federal Rules of Civil Procedure, which generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities."  Canady v. Erbe Elektromedizin GMBH, 307 F. Supp. 2d 2, 9 (D.D.C. 2004).

3

There is no question that Alberts is entitled to default judgment given the total lack of response by NuCoat to his complaint and motion for default judgment. The only question is whether he should recover the amount originally sought in his complaint ($8,626.42) less the $2,750.00 paid by NuCoat or the other half of the payment promised by NuCoat in its settlement agreement with Alberts. In response to the court's request for clarification on this point, Alberts asserts that he is entitled to rescind his settlement agreement with NuCoat based on NuCoat's failure to perform under the agreement (Response at 3).[1]

Ordinarily, the parties to a settlement agreement seek approval from the presiding court so that the agreement can be entered on the docket as a final judgment entitled to <u>res judicata</u> and subject to <u>vacatur</u> under Fed. R. Civ. P. 60 (as incorporated by Fed. R. Bankr. P. 9024). As the court's findings in support of a decision to vacate a judgment have preclusive effect as well, the dual nature of a settlement agreement as a

---

[1] Alberts also argues that NuCoat "should be estopped from asserting that [Alberts], having relied on the representation of NuCoat, is limited to the damages in the [a]greement that NuCoat breached" (Response at 2). Of course, NuCoat has not "assert[ed]" anything at all--if it had, Alberts would not be moving for default judgment--so it can hardly be "estopped" from relying on its settlement agreement with Alberts. Even if the court were prepared to accept such an argument, it would not do so here where Alberts has demonstrated no detrimental reliance on the promises of NuCoat other than delay in obtaining final judgment, a harm that is mitigated by the award of pre-judgment interest.

judgment and a contract rarely holds any practical significance because the same reasons that would warrant an overturning of the judgment (<u>e.g.</u>, fraud) would dictate that the contract between the parties be voided as well.  <u>See</u> <u>Bd. of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Centra</u>, 983 F.3d 495, 505-06 (3d Cir. 1992) (order regarding motion to vacate judgment entered on settlement agreement has preclusive effect on overlapping issues in separate breach of contract suit on the settlement agreement).

In this case, there is no final judgment for the court to vacate, just a contract between the parties that limits Alberts's recovery on his preference and fraudulent conveyance claims. Still, it is evident that had NuCoat responded to Alberts's motion for default judgment by raising the intervening defense of its rights under the settlement agreement, Alberts could successfully raise his own counter-defense of rescission based on NuCoat's material default.  <u>See</u> <u>In re Cooper</u>, 273 B.R. 297, 304 (Bankr. D.D.C. 2002) ("breach . . . of an executory contract . . . gives rise to three distinct and alternative remedies: specific performance, rescission . . ., or recovery of damages"); <u>see also</u> <u>Village of Kaktovic v. Watt</u>, 689 F.2d 222, 230 (D.C. Cir. 1982) ("An agreement to settle a legal dispute is

5

a contract.").[2]

In any event, NuCoat has not ventured to appear in this case, much less raised an affirmative defense based on the settlement agreement between the parties. Accordingly, the court need not consider whether the settlement agreement is enforceable because the possible defense of a governing contract is waived. The situation is no different from that of a plaintiff who enters into a settlement agreement with a defendant prior to the onset of litigation, renounces the agreement when the defendant refuses to perform, and then initiates a lawsuit that is never contested by the defendant. In both cases, default judgment in favor of the plaintiff is appropriate.

II.

The court queried Alberts separately regarding the proper interest rate to be awarded and the date from which that interest should accrue. The court agrees with Alberts that the proper rate for pre-judgment interest is the prime rate for the reasons set forth by this court in Webster v. Harris (In re NETtel), 327

---

[2] "Rescission is an equitable remedy, and a party seeking rescission must restore the other party to that party's position at the time the contract was made." Dean v. Garland, 779 A.2d 911, 915 (D.C. 2001); accord In re Cooper, 273 B.R. at 304. Alberts has not restored NuCoat to its pre-contractual position by returning the $2,750.00 paid to him pursuant to the settlement agreement, but he need not do so because he is entitled to set off that debt against the amounts owed to him on his underlying suit. See generally Citizens Bank of Md. v. Strumpf, 516 U.S. 16 (1995) (setting forth the usual requirements for setoff).

6

B.R. 8 (Bankr. D.D.C. 2005), but this court calculates that rate annually rather than by deriving a monthly average.  See id. at 13 n.8.  The court also agrees that pre-judgment interest in this case should accrue from the date on which Alberts commenced this adversary proceeding.  Sigmon v. Royal Cake Co., Inc. (In re Cybermech, Inc.), 13 F.3d 818, 822 (4th Cir. 1994) (collecting cases); 5 Collier on Bankruptcy ¶ 547.15 (15th ed. revised).  Post-judgment interest is, of course, set at the rate mandated by 28 U.S.C. § 1961.

## III.

For the reasons set forth above, the court will award default judgment in the principal amount of $5,876.42.  The court will award pre-judgment interest of 6.01% on the original principal of $8,626.42 for the 179-day period preceding NuCoat's partial payment and on the unpaid balance for the 179-day period between NuCoat's partial payment and June 16, 2006, and will award pre-judgment interest of 8.02% on the original principle plus the interest accrued between June 16, 2005, and June 16, 2006, for the period between the latter date and the entry of final judgment.  The court will award post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961.

A judgment follows.

[Signed and dated above.]

Copies to: All counsel of record.

O:\Andrew Faussett Temp Docs\Decisions with Related Orders\Rockstone Capital, LLC v. Walker-Thomas Furniture Co, Inc\opinion_default judgment_Alberts v. NuCoat_v3.wpd

7