The order below is hereby signed.

Signed: November 08, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORP., I, *et al.*, | ) | (Chapter 11) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SAM J. ALBERTS, TRUSTEE FOR | ) | |
| THE DCHC LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 05-10040 |
| | ) | |
| NUCOAT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DECISION AND ORDER VACATING DEFAULT JUDGMENT
AND EXTENDING DEADLINE TO SERVE A NEW SUMMONS AND THE COMPLAINT

Sam J. Alberts, trustee for the DCHC Liquidating Trust and the plaintiff in this adversary proceeding, obtained a default judgment against the defendant, Nucoat, Inc., but it later came to the court's attention that Alberts may not have timely served the summons and complaint on the defendant. The court issued an order to show cause to Alberts to address why the default

judgment ought not be vacated because service was not timely made on the correct defendant.[1] On October 30, 2006, Alberts filed a response (Docket Entry No. 30). Alberts has not, however, shown cause why the default judgment ought not be vacated.

The only summons ever issued in this proceeding was issued on June 23, 2005. The summons and complaint were not served on the correct defendant until July 13, 2005. See Docket Entry No. 5 (reflecting service by mail on that date). Accordingly, proper service was not accomplished within the time limit imposed by F.R. Bankr. P. 7004(e) of 10 days after issuance of the summons, and the attempted service of the summons after the 10-day deadline had passed was a nullity. See Ruthe v. Dohring (In re Dohring), 245 B.R. 262, 263 (Bankr. N.D. Tex. 2000) ("The summons, as served, was expired and therefore service of it was a nullity and should be quashed.").

A judgment obtained without having obtained jurisdiction over the defendant, via the defendant's having voluntarily submitted itself to the jurisdiction of the court or via proper service of process, is void. Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987).

Alberts might argue that because the defendant has chosen

---

[1] The court inadvertently did not mail a copy of the order to show cause to the defendant, but based on the defendant's inaction in the proceeding, the court deems it appropriate to dispose of the order to show cause without hearing from the defendant.

not to respond to the complaint or to respond to the motion for default judgment it is obvious that the defendant has no intention of defending this adversary proceeding, and the court ought not require the useless act of serving a summons anew which will result in yet another granting of judgment by default. However, the defendant's inaction does not give this court jurisdiction to uphold the default judgment against it. Combs, 825 F.2d at 442 n.42.  In any event, the court will not speculate that the defendant will not defend once properly served.

Alberts might contend that F.R. Bankr. P. 9006 allows a court to enlarge the 10-day time limit of Rule 7004(e), and that the court should retroactively enlarge the 10-day time limit of Rule 7004(e) to July 13, 2005, the date of service of the summons. No decision has held that the 10-day time limit of Rule 7004(e) can be enlarged under Rule 9006, but it is unnecessary to address whether Rule 9006 is inapplicable in all circumstances to Rule 7004(e), as it would clearly be inappropriate to retroactively enlarge the Rule 7004(e) deadline in this proceeding even if Rule 9006 does apply. The summons set a deadline of July 23, 2005, to respond to the complaint. On that date, no motion had been filed and no order had been issued to enlarge the 10-day time limit of Rule 7004(e) to July 13, 2005, and accordingly, the summons remained stale and ineffective. The defendant was entitled to disregard the summons as a nullity, and

did not default in defending as the plaintiff had failed to make proper service.  The court will not undo that entitlement by retroactively extending the Rule 7004(e) deadline to make service of the summons timely.

The time for making service under F.R. Civ. P. 4(m) (made applicable by F.R. Bankr. P. 7004(a)) has expired.  However, it appears that both parties mistakenly viewed the summons as timely.  The defendant received the summons and complaint and entered into settlement negotiations with the plaintiff.  A settlement was reached.  When that settlement was breached, the plaintiff rescinded that settlement agreement and moved for default judgment as though he had made timely service of the summons.  The defendant did not defend against that motion based on lack of timely service of the summons.  If this court were to dismiss the adversary proceeding without prejudice, the statute of limitations would likely bar a new adversary proceeding, to the prejudice of Alberts.  On the other hand, the defendant will not be prejudiced by enlarging the time for Alberts to make service as the defendant has long been well aware of this proceeding.

The current version of Rule 4(m) of the Federal Rules of Civil Procedure, in contrast to its predecessors, does not limit the court's ability to enlarge the 120-day period for accomplishing service to a showing of cause by the plaintiff for

such an enlargement.  This is an appropriate proceeding for the court to exercise its discretion to enlarge the 120-day period without requiring a further filing by the plaintiff to show cause.  It is accordingly

ORDERED that the Final Judgment entered on September 13, 2006 (Docket Entry No. 24) is VACATED, and the plaintiff's Motion for Default Judgment (Docket Entry No. 17) is DENIED.  It is further

ORDERED that the clerk shall issue a new summons in this adversary proceeding, and further summonses upon request of the plaintiff if he fails to make service within the 10-day deadline of Rule 7004(e).  It is further

ORDERED that the time under F.R. Civ. P. 4(m) to serve a summons and the complaint is enlarged to December 8, 2006.

[Signed and dated above.]

Copies to:

All counsel of record

Office of the U.S. Trustee
Suite 210
115 South Union Street
Alexandria, VA 22314

NuCoat Inc.
130 Utopia Road, Suite 13
Manchester, Connecticut 06040

Jeff Shimanski
130 Utopia Road, Suite 13
Manchester, CT 06040-2195